IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON LEWIS MOORE,<br>    Plaintiff,<br><br>v.<br><br>CURRAN-FROMHOLD<br>CORRECTIONAL FACILITY,<br>    Defendants. | :<br>:<br>:<br>:    CIVIL ACTION NO. 19-CV-0098<br>:<br>:<br>:<br>:<br>: |

## MEMORANDUM

**KENNEY, J.**                                                               JANUARY 10, 2019

*Pro se* Plaintiff Aaron Lewis Moore has filed this civil action pursuant to 42 U.S.C. § 1983 against the Curran-Fromhold Correctional Facility ("CFCF") regarding conditions that he experienced during his incarceration there in 2016. (ECF No. 2.) Moore has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Moore leave to proceed *in forma pauperis* and

### I. FACTS

Moore was incarcerated at CFCF from February 19, 2016 until August 23, 2016. (Compl. at 5.)[1] He alleges that during this time, he "was placed in a space for the occupancy of two with an additional person." (*Id.*) Moore states that "[his] space was limited [and he] slept in a boat on the floor where the toilet was occupied." (*Id.*) As relief, Moore asks that he be compensated for the "unconstitutional living quarters [he] was placed in for six months." (*Id.* at 6.)

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

## II. STANDARD OF REVIEW

The Court will grant Moore leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013), *abrogated on other grounds by, Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015). As Moore is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As discussed below, the Complaint fails to state a claim for relief under § 1983.

---

[2] However, as Brandon is a prisoner, he will be obligated to pay the $350.00 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

As an initial matter, Moore has named CFCF as the sole Defendant in this matter. However, he cannot maintain his claims against CFCF because the facility is "not a legal entity susceptible to suit." *Cephas v. George W. Hill Corr. Facility*, Civ. A. No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010) (quoting *Ignudo v. McPhearson*, Civ. A. No. 03-5459, 2004 WL 1320896, at *2 (E.D. Pa. June 10, 2004)); *see also Regan v. Upper Darby Twp.*, Civ. A. No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009) ("[A] prison or correctional facility is not a 'person' that is subject to suit under federal civil rights laws."). Accordingly, Moore's claims against CFCF will be dismissed.

Moore's claims are also time-barred. Pennsylvania's two-year limitations period applies to Moore's claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Moore's claims accrued when he "ha[d] a complete and present cause of action, that is, when [he could] file suit and obtain relief." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quotations omitted). Here, Moore's claims accrued, at the latest, on August 23, 2016, when he was released from CFCF and was therefore no longer subject to the conditions about which he complains. Thus, Moore needed to file his Complaint on or before August 23, 2018 for his claims to be timely filed. He did not file his Complaint until January 8, 2019, a little over four (4) months after the limitations period expired.[3]

---

[3] The Court notes that 42 U.S.C. § 1997e(a), which is part of the Prison Litigation Reform Act ("PLRA"), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." While an inmate is entitled to tolling of the statute of limitations while exhausting administrative remedies, *Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 603 (3d Cir. 2015), Moore filed his Complaint after being released from CFCF and thus is not subject to the requirements of § 1997e(a); *see Ahmed v. Dragovich*, 297 F.3d 201, 210 & n.10 (3d Cir. 2002). Accordingly, even if he grieved the overcrowded conditions at CFCF, he is not entitled to tolling for that time period. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, No. 16-1174, 2018 WL 5281687, at *2 (W.D. Pa. Oct. 24, 2018) (collecting cases).

3

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Moore leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Moore will not be permitted to file an amended complaint, as amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

BY THE COURT:

_____
CHAD F. KENNEY, J.